UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KRISHA THOMPSON,

Plaintiff,

v.

MSX INTERNATIONAL RNS, LLC,

Defendant.

Case No. 4:26-cv-00084-AKB

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

## I. INTRODUCTION

Pending before the Court are the In Forma Pauperis Application (Dkt. 1) and Complaint (Dkt. 2) filed by Plaintiff Krisha Thompson, appearing pro se in this matter. Pursuant to 28 U.S.C. § 1915, the Court reviews Thompson's request to determine whether she is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of the Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or

security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that indicates the plaintiff is unable to pay the fee required. The affidavit is sufficient if it states the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide for the plaintiff and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp.*, 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

Plaintiff reports average monthly income during the preceding twelve months of $6,000 from employment, $700 from self-employment, $5,000 in alimony, and $300 in public assistance, totaling an average of $12,000 per month in prior months (Dkt. 1 at 2). She also reports $1,500 in cash and approximately $1,501 in checking accounts (*id.* at 3). Plaintiff identifies monthly expenses totaling $2,130, including $1,500 for rent, $300 for food, and additional amounts for utilities, transportation, and insurance (*id.* at 4). She reports no dependents and indicates that she does not anticipate substantial changes to her financial circumstances during the next twelve months (*id.* at 5).

Based on this information, Plaintiff has not established that she cannot pay the filing fee while providing herself with the necessities of life. Accordingly, the Court denies her application

to proceed in forma pauperis without prejudice. Plaintiff may submit a renewed application if her current financial circumstances materially differ from those reported. Otherwise, Plaintiff must pay the filing fee.

## III. THE SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs, whether pro se or not, have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff, proceeding pro se, asserts claims against her former employer, MSX International RNS, LLC, under the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964. Plaintiff alleges that MSX hired her in September 2023 as a Ford GXP Coach in Idaho Falls, Idaho. Shortly after starting, she disclosed alleged disabilities involving hearing loss and long COVID, which affected her communication, concentration, and

administrative abilities. MSX initially approved accommodations, including the use of a service dog and additional time to submit weekly expense reports. Plaintiff alleges that MSX subsequently denied her request for a larger computer screen, withdrew the expense-report accommodation, and increased scrutiny of her performance. On March 8, 2024, she renewed her accommodation request through Human Resources, but the process remained unresolved when MSX terminated her on April 5, 2024 (Dkt. 2 at 4).

Plaintiff also alleges that manager Tyler Walker sexually harassed her and other female employees beginning in September 2023. She reported his conduct to management in October 2023 and learned that other employees had previously reported him. Although MSX demoted Walker, Plaintiff alleges that he continued harassing her and interfering with her dealership relationships. Plaintiff further alleges that MSX increased criticism of her performance after she reported harassment and requested disability accommodations, despite having imposed no prior formal discipline and having used her work as a positive example shortly before her termination. MSX terminated Plaintiff approximately two weeks after she renewed her harassment complaint, citing performance concerns that Plaintiff contends were pretextual (*id.*).

Liberally construed, these allegations state plausible claims for relief under the ADA and Title VII. Plaintiff alleges that MSX knew of her disabilities, accommodated and then denied or withdrew requested accommodations, and terminated her while an accommodation request remained pending. These allegations plausibly support claims for disability discrimination and failure to accommodate under the ADA. Likewise, Plaintiff's allegations of repeated sexual harassment, complaints to management, and continued misconduct plausibly support a hostile work environment claim under Title VII. Finally, Plaintiff alleges that MSX increased its scrutiny of her performance and ultimately terminated her after she reported harassment and

requested disability accommodations. The alleged timing and circumstances of her termination plausibly support retaliation claims under both statutes.

At this stage, Plaintiff need not establish a prima facie case of discrimination or prove that Defendant's stated reasons for terminating her were pretextual. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002). Accepting Plaintiff's factual allegations as true and construing her pro se complaint liberally, the Court concludes that Plaintiff has alleged sufficient facts to state plausible claims for relief. Accordingly, the complaint is not subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

Plaintiff has not demonstrated that she is unable to pay the filing fee while providing herself with the necessities of life. The Court therefore denies her application to proceed in forma pauperis without prejudice.

The Court further concludes that Plaintiff's complaint, liberally construed, states plausible claims under the ADA and Title VII. Accordingly, the Court will not dismiss the complaint at this stage. Plaintiff must, however, pay the filing fee or obtain leave to proceed in forma pauperis before this action may proceed.

## V. ORDER

IT IS ORDERED that:

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is **DENIED WITHOUT PREJUDICE**.
2. The Court has reviewed Plaintiff's Complaint (Dkt. 2) under 28 U.S.C. § 1915(e)(2)(B) and concludes that dismissal is not warranted at this stage.

3. Within **forty-five (45) days** after entry of this Order, Plaintiff must either pay the full civil filing fee or submit a renewed application to proceed in forma pauperis setting forth her current financial circumstances.

4. If Plaintiff fails to comply with this Order within the time provided, the Court may dismiss this action without prejudice and without further notice.

5. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: October 14, 2026

Amanda K. Brailsford
U.S. District Court Judge